

PAUL MANNES
U. S. BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| JERRY HEWITT | : | Case No. 05-90309PM |
| | : | Chapter 13 |
| Debtor | : | |

## MEMORANDUM OF DECISION

Before the court is the Trustee's Limited Objection to Attorney's Fees sought by counsel for the Debtor in the sum of $3,711.00. The matter came before the court for hearing on May 9, 2006, and the court is grateful to counsel for the Debtor and the Chapter 13 Trustee for the thorough discussion of the factors involved and their candor in their presentations. The court has also had the benefit of discussions of the issues presented at the 18th Annual CLE Program of the Bankruptcy Bar Association for the District of Maryland.

Section 329(b) of the Bankruptcy Code mandates, in every case, that this court make a determination of the reasonable value of services rendered to the debtor in cases under Chapter 13. It is often difficult at the beginning of a case to predict what additional services will be required of the debtor's counsel besides taking the debtor through the confirmation process, although some matters are easily ascertainable, such as, the need to marshal records and file motions to avoid various liens. With the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, there was some initial uncertainty as to the amount of additional work imposed upon debtor's counsel. Through the experience obtained in the passage of time since the enactment of the Act, attorneys and professionals now have a better handle on the amount of effort involved.

In the instant case, counsel did not assume the risk of performing uncompensated legal tasks. He expressly excepted from the scope of his representation such matters as objections to claims or defense of actions seeking relief from the stay. While he agreed to remain as counsel of record in the case for the duration of the Plan, this is a hollow undertaking, because he would require additional compensation for post-confirmation activity.

Finally, the court must look at the impact of administrative expenses upon distributions to creditors, particularly, unsecured creditors without priority, the parties most impacted by bankruptcy filings. The confirmed Plan provides for payment of $250.00 a month to the Trustee for a period of 60 months, a total of $15,000.00, if Debtor is able to consummate the Plan. After the payment of arrears on secured claims of approximately $6,000.00 and the payment of administrative costs, including the Trustee's statutory commission, these unsecured creditors are left with the remains. In view of all of the circumstances, the court will not allow the compensation in the full amount sought. Nonetheless, the court will allow substantially more than it has in the past in similar cases.

An appropriate order will be entered.

cc:
Antonio Aquia, Esq., 220 North Liberty Street, Baltimore, MD 21201
Timothy P. Branigan, Esquire, P.O. Box 1902, Laurel MD 20725-1902
Jerry Hewitt, 14933 Kelbaugh Road, Thurmont, MD 21788

**End of Memorandum**